1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, UNIT D1*
*COSTA MESA, CA 92626*

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MISHARI ALEISA, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**CONAGRA BRANDS, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ*.;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ*.;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ*.;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiff, MISHARI ALEISA ("Mr. Aleisa" or "Plaintiff"), brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, CONAGRA BRANDS, INC. ("ConAgra" or "Defendant") with regard to Defendant's false and misleading promotion of its consumable cocoa products. Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's mislabeled products.

2. Specifically, Plaintiff purchased Defendant's "Swiss Miss Simply Cocoa Dark Chocolate Hot Cocoa Mix" (the "Product"), which is advertised as being "Simply Cocoa" and "Made with Real Cocoa".

3. However, Defendant's products consist of alkalized cocoa, which is a highly processed cocoa of substantially inferior quality compared to its all-natural counterpart.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5. As stated by the California Supreme Court in *Kwikset v. Superior Court* 51 Cal. 4th 310, 328-29 (2011):

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities…

6. Defendant's sale and advertising of deceptively labeled products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (5) negligent misrepresentation; and (6) intentional misrepresentation.

7. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Delaware, and headquartered in the State of Illinois.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Francisco within the State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant

[1] On information and belief, Defendant sells its products in brick and mortar stores throughout California and on several different websites. Based upon the advertised price of Defendant's Products and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

sold its product to Plaintiff within this district; (ii) the alleged misleading advertising that gave rise to Plaintiff's claims occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because:

    (a)    Defendant is authorized to conduct business in this district;

    (b)    Defendant does substantial business within this district; and

    (c)    Defendant is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district.

## PARTIES

13. Plaintiff is a natural person residing in San Francisco, California.

14. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

15. Defendant manufactures and/or distributes various products, including edible consumer packaged goods. Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California.

## NATURE OF THE CASE

16. At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding its cocoa products, which it manufactures, markets, and sells in physical stores and online through its own website and other retailers, including Amazon.com.

17. Defendant advertised, marketed, packaged, and sold its cocoa products to Plaintiff and other consumers similarly situated in California with the false representation that its cocoa products contained the simplest form of real cocoa.

18. A good majority of Defendants' hot chocolate products state that each product is "Made with Real Cocoa".

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

19. Similarly, Defendant labels each of these products as being "Simply Cocoa" and being made with "Five Simple Ingredients."

20. An exemplar of the Product's label is below:



21. Defendant makes such representations because modern day consumers place a high value on pure ingredients.2

22. Approximately two-thirds of consumers "noted that health, nutrition and making better choices are factors in their purchasing decisions on indulgent items or desserts," and "half of shoppers look for 'real' ingredients."3

---

2 According to a trade publication, "[M]ore consumers are looking for authenticity and 'real' ingredients in their foods, including sweet ingredients like real sugar" and cocoa. The International Dairy-Deli-Bakery Association collected survey data showing that a growing "number of Americans continue to avoid products made with processed or artificial ingredients." Beth Day, Indulgence driving innovation in baked foods, November 3, 2016 FoodBusinessNews.net,    https://www.foodbusinessnews.net/articles/7110-indulgence-driving-innovation-in-baked-foods.

3 *See also*, Progressive Grocer, Bakery Connects Emotionally With Consumers, Drives Grocery Sales, April 8, 2019, https://progressivegrocer.com/bakery-connects-

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

23. Defendant's claims regarding the simplicity of its chocolate are false and misleading because Defendant's products are comprised of Alkalized Cocoa.

24. The alkalization process begins with transforming cocoa beans into cocoa powder. Cocoa powder results from crushing the edible portions of the cocoa bean – "nibs" – into a fine paste, releasing and melting the nibs' fat content (cocoa butter).

25. The combination of crushed, ground nibs and cocoa butter produces chocolate liquor.

26. The chocolate liquor is pressed between hydraulic plates to form hard-cocoa "press cakes" and the excess cocoa butter is removed.

27. The cocoa cakes are grated into fine powders.

28. The types of powders produced are based on the amount of cocoa butter, or fat, remaining in the powder: high or "breakfast cocoa" (22% +), medium or "cocoa" (10-12%) and lowfat cocoa (less than 10%).

29. The cocoa powder can be further treated through alkalization ("Dutch-process" or alkalized) or used in its non-alkalized state.

30. The alkalization process is executed by soaking the cocoa in an alkali solution consisting of a mixture of either ammonium; potassium; or sodium bicarbonate, carbonate, or hydroxide; or magnesium carbonate or oxide.

31. The use and presence of alkalis reduces the acidity of cocoa powder, giving it a noticeably darker hue associated with the Products but detracting from the "real cocoa" taste.

32. In addition to altering the flavor of the cocoa, the alkalization process also eviscerates the healthy properties that exist in all-natural cocoa. Specifically, alkalization has been shown to substantially decrease the levels of healthy polyphenols and flavonoids.[4]

emotionally-consumers-drives-grocery-sales.
[4] Mark J. Payne et al., *Impact of Fermentation, Drying, Roasting, and Dutch Processing*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. These healthy aspects of natural cocoa are known for antioxidant activities that can improved cardiovascular health, reduced oxidative effects of LDL cholesterol, and reduced blood pressure and many other potential improvements.

34. The alkalization of the cocoa radically alters the composition of the cocoa ingredient, such that it is drastically different from simple, real cocoa.

35. Defendant's conduct as alleged herein violates several parallel California laws, as more fully set forth herein.

## FACTUAL ALLEGATIONS

36. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. On or about August 9, 2019, Plaintiff purchased Defendant's "Swiss Miss Simply Cocoa Dark Chocolate Hot Cocoa Mix" for $5.60 from the online retailer Amazon.com.

38. Defendant manufactures, markets, and sells the Product online through retailers, which it advertises on the Product's label as containing five simple ingredients, as being "Simply Cocoa" and as being "Made with Real Cocoa".

39. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made on Defendant's Product's label and packaging concerning the quality of the cocoa, and reasonably believed the product would contain cocoa in its purest and simplest form.

on Epicatechin and Catechin Content of Cacao Beans and Cocoa Ingredients, J. AGRIC. FOOD CHEM. 58, 10518–10527 (2010) (determining that alkalization decreased the flavonoids which create the health benefits by 98% and 80%); Kenneth B. Miller et al., Impact of Alkalization of the Antioxidant and Flavanol Content of Commercial Cocoa Powders, J. AGRIC. FOOD CHEM. 56, 8527–8533 (2008) ("compared to natural cocoa powder, alkali treatment or Dutching does substantially reduce the level of flavanols in cocoa powders and represents an important processing step during which losses can occur.")

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

40. Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

41. Plaintiff further relied upon Defendant's representations viewable on Amazon.com.

42. As detailed above, Defendant's Product lacks the flavor and healthy properties of unprocessed cocoa. Thus, the Product is substantially inferior from the quality advertised.

43. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

44. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product contained real cocoa.

45. Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Product under the false impression that the Product contained unprocessed cocoa, when in fact the Product contained alkalized cocoa instead of real, unprocessed cocoa.

46. If Plaintiff had been aware that the Product did not contain simple, unprocessed cocoa, Plaintiff would have paid less for it, or would have purchased a different product. In other words, Plaintiff would not have purchased Defendant's Product but for the representations on the Product's label and related advertising.

47. Plaintiff also seeks to represent substantially similar products that are subject to the causes of action brought in this complaint. These products include, but are not limited to, ConAgra's Swiss Miss Milk Chocolate Flavor Hot Cocoa Mix, 38.27 Ounce Canister; Swiss Miss Swiss Miss Milk Chocolate Hot Cocoa Mix Packets - 50 Count Envelopes; Swiss Miss Hot Cocoa Mix, Milk Chocolate, No Sugar Added, 60-Count Envelopes; Swiss Miss Sensible Sweets No Sugar

Added Hot Cocoa Mix, 13.8 Ounce Canister; Swiss Miss Cocoa Milk Chocolate Canister, 45.68 Ounce Canister; Swiss Miss Milk Chocolate Flavor Hot Cocoa Mix, (8) 1.38 Ounce Envelopes; Swiss Miss Milk Chocolate Flavor Reduced Calorie Hot Cocoa Mix, Keto Friendly, (8) 0.39 Ounce Envelopes; Swiss Miss Marshmallow Hot Cocoa Mix, (30) 1.38 Ounce Envelopes; Swiss Miss Marshmallow Hot Cocoa Mix, 37.18 Ounce Canister; Swiss Miss Milk Chocolate Hot Cocoa Mix Canister 76.5 Ounce Canister; Swiss Miss Variety Pack Hot Cocoa Mix, 8 Count 11.04 oz 12-Pack; Swiss Miss Indulgent Collection Caramel Delight.

48. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product label and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

49. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

50. Even if Defendant's actions were in compliance with the FDCA, Plaintiff's claim does not seek to challenge the Product's labeling in areas where the FDA has promulgated regulations. Plaintiff's claim is, instead, predicated on the fact that the labeling and associated advertising is misleading and deceptive. Indeed, compliance with the minimum requirements is necessary, but it is not sufficient to determine whether a product's label is false and misleading, and simply does not provide a shield from liability. *See e.g., Wyeth v. Levine*, 129 S. Ct 1187, 1202 (2009).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

51. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

52. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to the Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

54. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within California who purchased the Product, or any
> substantially similar products, from Defendant, within the four
> years prior to the filing of this Complaint.

55. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

56. The "Class Period" means four years prior to the filing of the Complaint in this action.

57. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

58. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members due to the size of Defendant and the availability of its products in a variety of commercial grocery stores.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

59. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    a.    Whether the Product as manufactured contains alkalized cocoa;

    b.    Whether alkalized cocoa is of inferior quality compared to real, simple, and unprocessed cocoa;

    c.    Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

    d.    Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq*.;

    e.    Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq*.;

    f.    Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

    g.    Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

    h.    Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

i.   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

j.   Whether Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

k.   Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

60. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Product after exposure to the same material misrepresentations and/or omissions appearing on the Product's label. Plaintiff also received a Product that does not contain real, simple cocoa, but instead contained highly processed alkalized cocoa. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

61. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

62. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and

expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to the Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

63. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

64. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, *ET SEQ.*

65. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

67. Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

68. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

69. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

70. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
>
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]

(9) [a]dvertising goods or services with intent not to sell them as advertised.

71. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing that its Product contained simple, real cocoa, when in fact the Product contained highly processed alkalized cocoa. Such cocoa is of inferior quality as it does not contain the healthy properties typically associated with unprocessed cocoa.

72. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff. Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

73. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's actual Product label.

74. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

75. As of the filing of this Complaint, Defendant has not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782, which was served on Defendant on or about September 11, 2019, by certified U.S. mail.

76. Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

77. Plaintiff and the putative Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future and to recover money damages.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
## BUS. & PROF. CODE §§ 17500, *ET SEQ.*

78. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

80. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

81. Defendant states that its Product contains real, simple cocoa, when, in fact, the Product contains highly processed cocoa that is of inferior quality.

82. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

83. At all times relevant, Defendant's advertising and promotion of its Product was, and is, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members through the above-mentioned representations.

84. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know, did not contain real, simple cocoa.

85. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

86. Had Defendant truthfully advertised that its Product did not contain the advertised quality of cocoa, Plaintiff and the putative Class members would not

have purchased the Product, would have paid less for the Product, or would have purchased a different product from another manufacturer.

87. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

88. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL") BUS. & PROF. CODE §§ 17200, *ET SEQ*.

89. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

91. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

92. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## A. "Unlawful" Prong

93.  Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as alleged herein.

94.  Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

95.  Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food products. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FDCA, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

96.  Defendant violated the above-referenced statutes by falsely representing that its Product is comprised of real, simple unprocessed cocoa, when in fact the product contained highly processed cocoa.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

97. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

98. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

99. Had Plaintiff and the putative class members been informed that Defendant's Product did not in fact contain real, simple cocoa as advertised, they would not have purchased the Product, would have paid less for it, or would have purchased a different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

### C. "FRAUDULENT" PRONG

100. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its Product as containing real, simple unprocessed cocoa, when, in fact, the Product contained highly processed and non-simple cocoa.

101. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

102. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led

to believe that Defendant's Product contains a simple and real cocoa, when, in fact, the Product highly processed cocoa that is of inferior   quality         to unprocessed cocoa.

103. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Product, as alleged above.

104. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

105. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product label and Amazon.com.

106. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

107. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

108. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

109. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contains real, simple, and unprocessed cocoa.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

110. Defendant made these representations knowing, or having reason to know, that its Product contained highly processed cocoa.

111. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

112. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

113. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

114. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

115. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

116. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contained a higher quality of cocoa then it did.

117. Defendant acted intentionally by willfully and purposefully printing "Made with Real Cocoa"; "Simply Cocoa"; and "Five simple ingredients" on the Product's label.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

118. Because the Product contains highly processed alkalized chocolate, the cocoa is of lesser value. Therefore, the cocoa that is not the same quality as Defendant advertises.

119. Defendant knew or had reason to know such representations were false, and continued to label its Product in a false or misleading way.

120. Defendant further knew that retailers were advertising its Product as containing a certain quality of cocoa, because Defendant designed, manufactured, and affixed the product labeling to its Products before supplying the Product to the retailers.

121. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

122. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

123. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

   i. The "who" is Defendant;

   ii. The "what" is the representation that Defendant's Product, and substantially similar products, had real and simple cocoa;

   iii. The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

   iv. The "where" is in Defendant's product labeling, advertisements, and online marketing; and

   v. The "how" is the allegation that Defendant did not disclose that its Product is does not contain "simple" cocoa, but instead highly processed alkalized cocoa.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

124. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representative;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- an order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- a temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

- that Plaintiff and each member of the putative Class recover their costs of suit; and

- Any other relief the Court may deem just and proper.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; and

- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH CAUSE OF ACTION FOR
## NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

## FIFTH CAUSE OF ACTION FOR
## INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;
- punitive damages pursuant to Cal. Civ. Code § 3294; and
- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## TRIAL BY JURY

125. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: November 14, 2019                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  _*s/ Abbas Kazerounian*____
        ABBAS KAZEROUNIAN, ESQ.
        AK@KAZLG.COM
        *Attorneys for Plaintiff*

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Additional Attorney for Plaintiff*